UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| VINCENT E. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:09-CV-374-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LT. T. BAKER, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

Vincent E. Walker is currently incarcerated at the United States Penitentiary ("USP")-McCreary, in Pine Knot, Kentucky. He has submitted to this Court a *pro se* Complaint regarding events occurring there on August 28, 2009. By separate Order, the Plaintiff has been granted permission to proceed *in forma pauperis*. The Complaint is now before the Court for screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, this matter will be dismissed.

**I.**

Plaintiff describes an incident taking place while he was at the prison's Special Housing Unit on August 28, 2009. He alleges that when a Ms. Davis, evidently a female correctional officer, was putting handcuffs on him, she suddenly screamed that he had grabbed her. Approximately nine other officers responded and, according to Walker, proceeded to beat him. Walker claims that Ms. Davis lied, the other officers applied excessive force, and his left foot,

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

ankle, and nerves suffered serious injuries.  He states that he is suing because there "could have been a more Professional way they could have reacted to the situation." [Record No. 3 at 4.] Plaintiff demands damages from these officers whom he names as Defendants.

## II.

The named Defendants are all employed by the Federal Bureau of Prisons.  However, the action has been docketed as a civil rights lawsuit against State employees acting under State law, pursuant to 42 U.S.C. § 1983, wherein Congress has provided for an individual to obtain damages in federal court for unconstitutional actions by any person(s) acting under the authority of State laws.  As the persons purportedly violating this Plaintiff's rights were acting under their authority as federal employees, the basis of jurisdiction herein is actually 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

To state a claim that is cognizable as a *Bivens* action, the Plaintiff must plead and prove two essential elements.  He must show, first, the deprivation of right(s) secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law.  *Id*. at 397.  As both of these components were alleged, this is a classic *Bivens* civil rights action, and the Court will direct the Clerk of the Court to correct the nature of the instant cause of action from its current characterization in the docket.

There is a pre-condition to filing a civil action, however, which is missing here.  Under the Prison Litigation Reform Act of 1995 ("PLRA"), effective April 26, 1996, Congress amended 42 U.S.C. §1997e to provide as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  The Supreme Court of the United States has twice held that the statute means precisely what it says.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002).  Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules.  *Id*. at 90.

The four-tiered administrative remedy scheme available to inmates who have any issue about any aspect of their confinement in Bureau of Prisons ("BOP") institutions is set out in its Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19 (2000).  Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden.

If the inmate is not satisfied with the Warden's response, then he has twenty days from the date of the Warden's response in which to appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland.  If the prisoner is not satisfied with the Regional Director's response, within thirty days after the date of the Regional Director's

3

response, he may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11).  *See* § 542.15 (a)-(b).

These administrative procedures include established response deadlines. § 542.18.  As soon as an appeal is accepted and filed, the Warden has twenty days to respond; the Regional Director, thirty days; and General Counsel, forty days.  Only one extension of time of twenty to thirty days, in writing, is permitted the agency.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id*.

In the instant Complaint, the Plaintiff has provided the following information as to his use of the BOP administrative process.  He writes that he filed his BP-9 request for an administrative remedy to the warden on August 29, 2009, the day after the complained-of incident; his BP-10 appeal to the Regional Director five days later, on September 3, 2009; and his BP-11 on September 9, 2009.

Assuming the truth of Plaintiff's filing these administrative documents to each level of the BOP on the dates alleged, the Court finds that he did not file them when the administrative system dictates.  While he may have filed forms on these dates, he clearly did not await administrative responses before going to the next level.  By the Court's calculation, Walker claims to have exhausted the entire administrative scheme in two (2) weeks, an impossibility as the above-described timetable shows.  A two-week period is simply not sufficient for a matter to be addressed at each level of appeal and a response received before going to the next level so as to achieve exhaustion.

Further, if there were any doubt about Plaintiff's non-exhaustion, the exhibits to his

Complaint also contradict his allegations.  The exhibits reveal that he did not write his BP-9 to the warden until much later than he alleges, as the attached BP-9 shows that it was stamped as being received in the Warden's Office on October 6, 2009; also, the Warden's response is dated October 28, 2009.  The record herein shows that Walker filed the instant lawsuit only two weeks after that response, clearly having finished only the second of the four administrative levels.

The federal courts must enforce the exhaustion statute and interpretations of the statute handed down by the Supreme Court of the United States.  Consistent therewith, this Court finds that the Plaintiff has failed to properly exhaust the BOP's administrative remedy procedures on any claim arising from the August 28, 2009, incident.  Further, the Supreme Court has also ruled that if non-exhaustion is clear on the face of the Complaint, the District Court may dismiss a prisoner's action upon screening.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).  That is exactly the situation herein.

Therefore, this Court will dismiss the instant Complaint for Plaintiff's obvious failure to properly exhaust this matter through the BOP administrative remedy scheme before filing this lawsuit.  The dismissal will be without prejudice to Walker's re-filing after proper exhaustion.

**III.**

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

1.     The Clerk of the Court shall correct the docket of the Court to reflect the true nature of this cause of action, *i.e.*, that it is a civil rights lawsuit pursuant to 28 U.S.C. § 1331 and *Bivens*; and

2.     this action will be **DISMISSED,** *sua sponte*; and that Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named

Defendants.

This the 21st day of January, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge